UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM R. WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-115 |
| | ) | Phillips |
| KIMBERLY-CLARK CORPORATION, | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff William Wiggins has brought this action against his employer, defendant Kimberly-Clark, following drug and alcohol testing plaintiff underwent in August 2011, after Kimberly-Clark received a report that plaintiff smelled of alcohol at work. Plaintiff contends that Kimberly-Clark's drug and alcohol testing procedure constituted a contractual agreement between plaintiff and Kimberly-Clark and that defendant breached the alleged contract by failing to follow the testing procedure. Plaintiff also asserts tort claims for outrageous conduct, invasion of privacy, false imprisonment, and intentional/negligent misrepresentation against Kimberly-Clark.

Defendant has moved to dismiss Counts I through VII (breach of contract claims) of plaintiff's complaint on the basis that Counts I through VII fail to state a claim

upon which relief can be granted. For the reasons which follow, defendant's motion is granted.

## I.  Background

Plaintiff William Wiggins filed his complaint on February 10, 2012, in the Circuit Court for Loudon County, Tennessee. Defendant Kimberly-Clark Corporation timely removed the action to this court on May 9, 2012, based on diversity jurisdiction.

The facts are taken from plaintiff's complaint as follows: Wiggins was hired by Kimberly-Clark on November 29, 1993. On August 16, 2011, defendant John Doe stated to one or more of Wiggins' supervisors that plaintiff smelled of alcohol and was drunk.

The complaint states that Kimberly-Clark employees have express and/or implied contractual rights with Kimberly-Clark guaranteeing them that certain policies and procedures will be followed in situations such as allegations of impairment. The procedures were offered by Kimberly-Clark as a term and condition of employment and accepted by plaintiff. In consideration of plaintiff accepting those terms and conditions of employment, Kimberly-Clark agreed to pay him wages for his labor with the company. Defendant Kimberly-Clark on more than one occasion assured plaintiff and other employees that it would follow those procedures before invading their privacy with drug or alcohol testing. Plaintiff relied upon those promises and representations by Kimberly-Clark.

2

The complaint states that under those contractual procedures there must be a "for cause" finding before the accused employee can be forced to go to the local emergency room and be tested for alcohol. Part of the "for cause" determination also requires independent observation and corroboration by the TC or PRG/team member and/or OTL, if necessary, before the leadership team will force the employee to be tested. However, Kimberly-Clark forced plaintiff to go to the local emergency room and submit to a breathalyzer test, telling him, "you've got to come with me – we have a report that you smell of alcohol." The complaint alleges that Kimberly-Clark failed to follow the required procedures before forcing plaintiff to be tested, thereby breaching the terms of its contractual agreement with him and violating the company's policies.

The complaint states that Wiggins submitted to the breathalyzer test and it proved he was not intoxicated. However, Kimberly-Clark refused to allow plaintiff to leave and instead forced him to remain at the hospital for further testing. Kimberly-Clark forced plaintiff to submit to a urine test, which came back negative for drugs. Kimberly-Clark placed Wiggins on administrative leave and prohibited him from driving his vehicle home.

When Wiggins demanded to know the identity of the employee who reported that he smelled of alcohol and was drunk, Kimberly-Clark refused to disclose the identity of the person. The complaint avers the following causes of action against defendants: (1) breach of express written contract; (2) breach of express oral contract; (3) breach of implied in fact contract; (4) breach of express written contract covenant of good faith and fair dealing; (5) breach of express oral contract covenant of good faith and fair dealing; (6)

breach of implied in fact contract covenant of good faith and fair dealing; (7) breach of implied in law contract covenant of good faith and fair dealing; (8) defamation against defendant John Doe; (9) outrageous conduct; (10) invasion of privacy; (11) false imprisonment; and (12) intentional/negligent misrepresentation.

## II. Standard of Review

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir.2002); *Performance Contracting, Inc. v. Seaboard Surety Co.,* 163 F.3d 366, 369 (6th Cir.1998). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether to dismiss under Rule 12(b)(6), the court accepts "all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff." *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). However, to survive dismissal, the complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. at 1949. Finally, a district court's consideration of documents that are central to the plaintiff's claims and to which the complaint refers and incorporates as exhibits is proper when assessing a Rule 12(b)(6) motion. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

4

### III. Analysis

Kimberly-Clark contends that Wiggins' contractual claims, alleged in Counts I through III of the complaint are barred because Kimberly-Clark's alcohol/drug testing procedure does not constitute a contract under Tennessee law. The court agrees.

In *Rose v. Tipton Co. Pub. Works Dept.*, the Tennessee Court of Appeals summarized the applicable law for determining when a company policy may be considered part of an employment contract:

> We begin our analysis of this issue with the well-established rule "that a contract for employment for an indefinite term is a contract at will and can be terminated by either party at any time without cause. *Bringle v. Methodist Hosp.,* 701 S.W.2d 622, 625 (Tenn.Ct.App. 1985); *accord Graves v. Anchor Wire Corp.,* 692 S.W.2d 420, 422 (Tenn.Ct.App. 1985); *Whittaker v. Care-More Inc.,* 621 S.W.2d 395, 396 (Tenn.Ct.App. 1981). Because Tennessee continues to adhere to the foregoing "employee-at-will" rule, a presumption arises in this state that an employee is an employee at will. *Davis v. Connecticut Gen. Life Ins. Co.,* 743 F.Supp. 1273, 1280 (M.D.Tenn. 1990) . . . .
>
> Even in the absence of a definite durational term, an employment contract still may exist with regard to other terms of employment. *Williams v. Maremont Corp.*, 776 S.W.2d 78, 80 (Tenn.Ct.App. 1988); *accord Hooks v. Gibson*, 842 S.W.2d 625, 628 (Tenn.Ct.App. 1992). In this regard, this court has recognized that an employee handbook can become part of an employment contract. *Smith v. Morris*, 778 S.W.2d 857, 858 (Tenn.Ct.App. 1988) (citing *Hamby v. Genesco Inc.,* 627 S.W.2d 373 (Tenn.Ct.App. 1981); *accord Davis v. Connecticut Gen. Life Ins. Co.,* 743 F.Supp. 1273, 1278 (M.D.Tenn. 1990). In order to constitute a contract, however, the handbook must contain specific language showing the employer's intent to be bound by the handbook's provisions. *Smith v. Morris*, 778 S.W.2d at 858. Unless an employee handbook contains such guarantees or binding commitments, the handbook will not constitute an employment contract. *Whittaker v. Care-More Inc.,* 621 S.W.2d 395, 397 (Tenn.Ct.App. 1981). Stated by one

5

> court, in order for an employee handbook to be considered part of an employment contract, "the language used must be phrased in binding terms, interpreted in the context of the entire handbook, and read in conjunction with any other relevant material, such as an employment application." *Claiborne v. Frito-Lay Inc.,* 718 F.Supp. 1319, 1321 (E.D.Tenn. 1989).

*Rose v. Tipton Co. Pub. Works Dept.*, 953 S.W.2d 690, 691-92.

Here, Kimberly-Clark's alcohol and drug testing procedure, considered in conjunction with the company's Code of Conduct[1], does not create a contractual relationship between Wiggins and Kimberly-Clark. The testing procedure flows directly from Kimberly-Clark's drug-free workforce policy expressed in its Code of Conduct, which, among other things, prohibits employees from being under the influence of drugs or alcohol while at work and alerts employees that they may be subject to testing if they appear to be under the influence or if Kimberly-Clark otherwise has reason to believe that they have violated the policy. The Code of Conduct expressly states that it is not a contractual agreement:

> The information in this Code of Conduct has been prepared as a guide to give a better understanding of Kimberly-Clark and its expectations for ethical conduct. However, the statements in this Code of Conduct are statements of principle and do not constitute a contract of any kind or an inflexible set of rules. Management reserves the right, at all times, to take any action deemed by it to be in the best interests of Kimberly-Clark.

---

[1] Copies of the Kimberly-Clark Code of Conduct and drug and alcohol testing procedures are attached as exhibits to defendant's motion to dismiss. The court may consider these exhibits without converting this Rule 12(b)(6) motion to one for summary judgment, as documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *See Weiner v. Klais & Co. Inc.,* 108 F.3d 86, 89 (6th Cir. 1997).

Moreover, the testing procedure begins with the disclaimer that it "is provided to assist in determining if a For-Cause test is warranted and how to accomplish it." This language demonstrates that the testing procedure is intended as a guide for management employees in determining when and how to initiate drug and alcohol testing, not a contractual agreement between Kimberly-Clark and Wiggins. *See MacDougal v. Sears, Roebuck & Co.*, 624 F.Supp. 756, 759 (E.D.Tenn. 1985) (holding personnel manual was "unilateral expression of company policy" and therefore not contract of employment). The court finds that the plain language of the Code of Conduct does not reflect a meeting of the minds that would confer any contractual right, whether written or implied, upon Wiggins. Instead, the Code of Conduct specifically disclaims any such contractual right exists. "Where an employee handbook specifically provides that it is not a contract and reserves to the employer the unilateral right to amend the handbook's provisions, such handbook does not, as a matter of law, constitute part of the employment contract between the employer and the employee." *Adcox v. SCT Products,* 1997 WL 638275, *3 (Tenn.Ct.App. Oct. 17, 1997).

In response to defendant's motion to dismiss, Wiggins requests the court to convert defendant's motion to dismiss to a Rule 56 motion for summary judgment and allow him an opportunity to conduct discovery. Discovery is needed, plaintiff states, to obtain documents actually executed by the parties in order to assist the court in understanding the express/implied contracts and agreements between the parties. Wiggins states that admissions were made to him by management officials of Kimberly-Clark which are not contained in the exhibits attached to defendants' motion. Wiggins further states that there

7

were additional guarantees and binding commitments relevant to his case made to him by Kimberly-Clark officials.  Finally, Wiggins states that he needs discovery in order to obtain the identity of defendant John Doe.

Although Wiggins alludes to "admissions by management officials" of defendant and "additional guarantees and binding commitments" relevant to the case, he fails to allege any <u>facts</u> to support these "admissions," "guarantees," and "commitments." It is well established in Tennessee, that a contract can be expressed, implied, written or oral, but an enforceable contract "must result from a meeting of the minds in mutual assent to terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced." *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.,* 102 S.W.3d 631, 635 (Tenn.Ct.App. 2002).  Plaintiff's complaint does not contain any factual allegations regarding the nature of any alleged oral agreement between Wiggins and Kimberly-Clark, or factual allegations of mutual assent or definite terms.  Accordingly, the court will dismiss Wiggins' contractual claims in Counts I through III for failure to state a claim upon which relief can be granted.

Next, the court will address Kimberly-Clark's motion to dismiss Wiggins' claims for breach of the covenant of good faith and fair dealing contained in Counts IV through VII of the complaint.  In Tennessee, "parties to a contract owe each other a duty of good faith and fair dealing as it pertains to the performance of a contract."  *Barnes v. Robinson Co. v. OneSource Facility Servs. Inc.*, 195 S.W.3d 637, 642 (Tenn.Ct.App. 2006). The implied obligation of good faith and fair dealing does not, however, create new

8

contractual rights or obligations, nor can it be used to circumvent or alter the specific terms of the parties' agreement. *Id.* A claim for breach of the implied covenant of good faith and fair dealing is not an independent basis for relief, but rather "may be an element or circumstance of recognized torts, or breaches of contracts." *Upperline Equip. Co.,* 724 F.Supp.2d at 892 (quoting *Solomon v. First am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 945 (Tenn.Ct.App. 1989)); *see also Wyndham Vacation Resorts,* 2009 WL 18884058 at *5 (E.D.Tenn. June 30, 2009) (a claim for breach of the implied covenant "is just a part and parcel of the breach of contract claim"). Because Wiggins' claims for breach of the implied covenant of good faith and fair dealing rests upon the same allegations that are the subject of his breach of contract claims, they too, fail for the same reasons discussed above. No implied covenant of good faith and fair dealing can exist in the absence of a contract. *Jones v. Lemoyne-Owen College*, 308 S.W.3d 894, 907 (Tenn.Ct.App. 2010). Accordingly, the court will dismiss Wiggins' claims in Counts IV through VII for failure to state a claim upon which relief can be granted.

### IV. Motion to Strike

Defendant has moved to strike plaintiff's affidavit attached to his response to defendant's motion to dismiss. In support of the motion, Kimberly-Clark states that the affidavit contains matters outside the pleadings and attempts to re-cast the allegations of the complaint. However, as explained above, even accepting the statements contained in Wiggin's affidavit in conjunction with his complaint, he fails to state a cause of action for breach of contract. There are no factual allegations regarding the nature of the alleged agreement between the parties or allegations of mutual assent or definite terms. The

9

affidavit contains only conclusory allegations by which plaintiff hopes to establish his claims for breach of contract. As stated above, to survive dismissal, a complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. Although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Accordingly, as the court has dismissed plaintiff's breach of contract claims, defendant's motion to strike is **DENIED AS MOOT.**

## V. Conclusion

For the reasons stated above, defendant's motion to strike [Doc. 10] is **DENIED AS MOOT**; defendant's motion to dismiss [Doc. 3] is **GRANTED;** and Counts I through VII of the complaint are **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge