UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM R. WIGGINS,        ) | |
|     Plaintiff,        ) | |
| ) | No. 3:12-CV-115 |
| ) | (VARLAN/SHIRLEY) |
| v.        ) | |
| ) | |
| KIMBERLY-CLARK CORPORATION and        ) | |
| JOHN DOE,        ) | |
|     Defendants.        ) | |

### **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties came before the undersigned on January 10, 2014, to address: Plaintiff's Motion for Protective Order [Doc. 23] and Plaintiff's Motion to Compel for Relief Up to and Including Sanctions [Doc. 24]. Defendant Kimberly Clark has responded in opposition to each of these motions, and the Court heard both parties' oral arguments on the motions at the hearing. The Court finds the motions are ripe for adjudication.

For the reasons more fully stated on the record at the hearing, the Motion for Protective Order [Doc. 23] and the Motion to Compel for Relief Up to and Including Sanctions will be denied [Doc. 24]. The Court finds that neither motion complies with the discovery dispute procedure outlined in the Scheduling Order. [Doc. 12 at 5]. Moreover, Rule 37 of the Federal Rules of Civil Procedure requires that the movant certify that he or she conferred with the opposing party to attempt to resolve such discovery issue *prior* to filing such motions. Plaintiff's motions do not include any such certification. Thus, the motions are **DENIED** for failure to comply with the Scheduling Order and for failure to comply with Rule 37.

In addition, the Court finds that the Motion for Protective Order [Doc. 23] is not well-taken because the Plaintiff has failed to demonstrate that the information at issue is protected by a privilege, and therefore, the Motion for Protective Order is also **DENIED** on that basis. Further, the Court finds that the Plaintiff's Motion to Compel for Relief Up to and Including Sanctions [Doc. 24] is not well-taken, because the Plaintiff has not demonstrated that the Defendant or its counsel violated Rule 37 through Mr. Bowen's failure to appear, and therefore, the Motion to Compel is also **DENIED** on that basis.

Finally, as stated on the record at the hearing, the Court **ADMONISHES** counsel for both parties to conduct discovery in this case with civility and the utmost professionalism. The Court will not tolerate future failures to comply with the Federal Rules of Civil Procedure, nor will it tolerate immature and cantankerous behavior. If the attorneys for either side fail to adhere to the standards of professionalism in this Court or the Federal Rules of Civil Procedure, the Court will impose appropriate sanctions.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge