UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM R. WIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CV-115-PLR-CCS |
| ) | |
| KIMBERLY-CLARK CORPORATION and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral order of the District Judge. Now before the Court is Plaintiff's Motion to Amend Complaint [Doc. 33]. This motion is ripe for adjudication, and for the reasons stated herein, it will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff originally filed his Complaint in Loudon County Circuit Court on February 10, 2012, raising state law claims against Defendant Kimberly-Clark Corporation ("Kimberly-Clark") and an unidentified John Doe defendant. The case was removed to this Court by Defendant Kimberly-Clark. The claims brought by Plaintiff arise from drug and alcohol testing of the Plaintiff that Kimberly-Clark undertook after his manager received a report from his co-workers that Plaintiff smelled of alcohol at work. The John Doe defendant was pled as a defendant in this case because Kimberly-Clark did not disclose the identity of the co-worker(s) who reported that Plaintiff smelled of alcohol.

## II. POSITIONS OF THE PARTIES

In his Motion to Amend, the Plaintiff moves the Court to permit him to amend his complaint to: (1) name Kendra Presley and Jamey Grizzle "as the John/Jane Doe originally named as an unknown party" in this case; and (2) add additional details about the events relevant to Plaintiff's claims. Plaintiff also implies that these amendments should relate back to his previous pleading.[1] In support of his request, Plaintiff maintains that the request to amend is timely. He alleges that the identities of the co-workers who alleged that Plaintiff was under the influence of alcohol while on the job were only recently revealed, because Defendant refused to disclose these persons' identities.

Kimberly-Clark responds that the Plaintiff's Motion to Amend should be denied as futile, because the proposed amendments seek to add new claims against new parties that are barred by the statute of limitations and do not relate back to the original filing date of the Complaint. [Doc. 36]. Kimberly-Clark argues that the Plaintiff has not demonstrated that his request to substitute Presley and Grizzle for the John Doe Defendant should relate back to the Plaintiff's original pleading, pursuant to Fed. R. Civ. P. 15(c)(1)(C). Further, Kimberly-Clark maintains that the proposed claims of misrepresentation against Presley and Grizzle and the proposed claim of negligence against Kimberly-Clark, while not barred by a statute of limitations, should be denied as futile because they fail to state a claim.

In his reply, Plaintiff argues that the Court should not reward Kimberly-Clark for concealing the identities of Grizzle and Presley by finding Plaintiff's amendments to be futile.

---

[1] Plaintiff's motion does not address the relation back except to say: "Moreover, discovery depositions have also provided more details of what actually happened which has also justified the proposed relation back amendments." [Doc. 33 at 1].

2

[Doc. 37]. Plaintiff maintains that, once these persons' identities were disclosed, the Plaintiff acted diligently to take their depositions and amend his complaint.

### III. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Local Rule 15.1 imposes additional requirements, which are as follows:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. Tenn. L.R. 15.1.

As an initial matter, the Court finds that the Plaintiff's Motion to Amend was timely pursuant to the Scheduling Order. [Doc. 15]. The Defendant does not dispute the timeliness of the request to amend under the Scheduling Order. Further, the Court finds that Plaintiff has complied with Local Rule 15.1, by attaching a copy of his proposed pleading to his motion.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court has considered the Plaintiff's proposed pleading, the procedural posture of this case, and the parties' positions, and the Court finds that justice requires g permitting the Plaintiff to file his revised pleading. For the reasons stated below, the Court finds that the related issues raised in the parties' briefs can be addressed through the filing of appropriate motions after the Plaintiff files his Amended Complaint.

3

The only objection to the Motion to Amend is Kimberly-Clark's position that the proposed amendments are futile, because they are either barred by the statute of limitations or because they do not state a claim upon which relief can be granted. The Court has reviewed the complaint, but at this juncture, the parties have not fully briefed these issues. The Court's ability to make, what would be tantamount to a dispositive ruling, is hindered by the lack of briefing on these issues. The Court cannot say, at this time and based upon the materials before it, that the proposed amendments are futile. However, Kimberly-Clark – and potentially, Grizzle and Presley – should be afforded the opportunity to present their arguments in favor of dismissal through motions to dismiss made pursuant to Rule 12 of the Federal Rules of Civil Procedure. Accordingly, the Court finds that the best and most appropriate course at this juncture is to permit the Plaintiff to amend, and thereafter, the Defendants may file appropriate dispositive motions pursuant to Rule 12.

The Court finds that a similar course is appropriate with regard to the Plaintiff's request that his amendments relate back. As noted above, Plaintiff's motion does not address the relation back except to say: "Moreover, discovery depositions have also provided more details of what actually happened which has also justified the proposed relation back amendments." [Doc. 33 at 1]. Plaintiff's proposed Amended Complaint does not discuss its relation back to previous pleadings except to say in the title of the document "Fed. R. Civ. P. 15(a) & (c) (relation back)." [Doc. 33-1]. Plaintiff's initial Memorandum does not discuss the relation back, [Doc. 35], and though Plaintiff mentions the relation back in his final reply brief, he never discusses the applicable standard under Rule 15(c)(1)(C). Thus, the Court finds that this issue should be resolved after a complete briefing.

Delaying the disposition of the relation-back issue is appropriate and equitable, because the Court's decision on whether the amendments relate back to Plaintiff's prior pleading is intertwined with its decision on futility. Moreover, the plain language of Rule 15(c)(1)(C) indicates that this issue may be addressed after a pleading is filed. The parties have not cited the Court to any case law to the contrary, and the Court own research indicates that, within this Circuit, the issue of whether a pleading relates back may be addressed through disposition of a motion to dismiss. See Bradford v. Bracken County, 767 F. Supp. 2d 740 (E.D. Ky. 2011).

## IV. CONCLUSION

Based upon the foregoing, the Plaintiff's Motion to Amend Complaint **[Doc. 33]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The Plaintiff **SHALL FILE** his Amended Complaint [Doc. 33-1] as his operative pleading in CM/ECF on or before **March 31, 2014**;

2. The Plaintiff **SHALL PREPARE** summons for Kimberly Presley and Jamey Grizzle, consistent with E.D. Tenn. L.R. 4.1, and **SERVE** Presley and Grizzle in a manner consistent with the Federal Rules of Civil Procedure; and

3. The dispositive motion deadline in this case is extended to **May 5, 2014**, and Defendants may file appropriate dispositive motions within the time allotted under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Tennessee.

**IT IS SO ORDERED**.

    ENTER:

      s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge

5

Case 3:12-cv-00115-PLR-CCS   Document 40   Filed 03/26/14   Page 5 of 5   PageID #: 313